IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES LAMONT JOHNSON, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No.: PX-23-706 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*\*\*

**MEMORANDUM OPINION**

James Lamont Johnson, an inmate at Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"), has styled his Petition as one for habeas corpus relief brought pursuant to 28 U.S.C. § 2241. Johnson claims that an allegedly improper warrant and docketing irregularities in his federal criminal case out of the Western District of Pennsylvania entitles him to immediate release. ECF No. 1.

On June 23, 2023, the Government responded to the Petition. ECF No. 7. The Court informed Johnson of his right to reply (ECF Nos. 4,8), and on June 29, 2023, Johnson replied and separately moved for summary judgment in his favor. ECF Nos. 11, 9. The Court has thoroughly reviewed the pleadings and finds a hearing unnecessary. Loc. R. 105.6 (D. Md. 2023). For the following reasons, the Petition must be dismissed and Johnson's motion for summary judgment must be denied.

**I.   Background**

On October 2, 2017, Johnson pleaded guilty in the United States District Court for the Western District of Pennsylvania to one count of conspiracy to defraud the government and one count of aggravated identify theft. ECF No. 7 at 2; *see also United States v. Johnson*, Case No.

1:15-cr-11-1, 2023 WL 2649466 at *1 (W.D. Pa. Mar. 27, 2023).  In that case, Johnson argued that which he contends here – that his arrest was invalid in part because of an inconsistency in the date of his arrest.  ECF No. 7 at 2.  The Court in the criminal matter rejected these arguments.  *See* Case No. 1:15-cr-11-1, 2017 WL 4340915, at *2-3 (W.D. Pa. Sept. 29, 2018).

Johnson next filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, in which he resurrected the identical arguments.  *See also Johnson v. United States*, 2023 WL 2649466, at *1-3 (W.D. Pa.  2023).  Once again, the District Court denied Johnson relief and the United States Court of Appeals for the Third Circuit affirmed that decision.  *See United States v. Johnson,* 764 F. App'x 253, 254 (3d Cir. 2019) ("We agree with Johnson's counsel that the possible clerical errors did not have a 'substantial influence' on the grand jury's decision to indict.").  Johnson now rehashes the same arguments but pursues the claims in a § 2241 Petition.

**II.     Analysis**

Generally, a § 2241 petition customarily challenges the execution of the sentence, whereas a § 2255 motion challenges the validity of the conviction.  *Calderon v. Thompson*, 523 U.S. 538, 554 (1998).  *See also* 28 U.S.C. §§ 2241(a) & 2255.  Here, the Petition plainly does not challenge the execution of Johnson sentence; instead, Johnson, once again, contends that his conviction is infirm.  Thus, regardless of how Johnson styles it, the pleading is properly construed as a § 2255 motion.

Further, pursuant to 28 U.S.C. § 2255(e), the claims cannot proceed.  Section 2255(e) provides that a § 2255 motion "shall not be entertained"  if the "applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  *See also Jones v. Hendrix,* 599 U.S. 465, 467, 143 S. Ct. 1857 (2023).  Johnson already

litigated the same claims in his prior § 2255 motion and the Court denied them. And Johnson gives this Court no reason to conclude that the prior proceeding was inadequate or ineffective to adjudicate the claims. Accordingly, the Court cannot reach the identical claims now. *Id.*; *cf.* 28 U.S.C. § 2255(h) (enumerating narrow grounds on which a second or successive § 2255 motion may be filed). The claims must be dismissed.

### III.     Certificate of Appealability

When this Court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Johnson fails to meet this standard, a Certificate of Appealability shall not issue.

### IV.  Conclusion

Based on the foregoing, the Petition is denied and a certificate of appealability shall not issue. A separate Order follows.

| 12/21/23 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |